Filed 7/16/15  P. v. Anderson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH JEROME ANDERSON,<br><br>    Defendant and Appellant. | D065338<br><br><br><br>(Super. Ct. No. SCD114427) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Reversed and remanded with directions.

Patrick DuNah and Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Anthony Da Silva, Deputy Attorney General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Kenneth Jerome Anderson is serving, as a third strike recidivist offender, an aggregate state prison sentence of 81 years to life imposed in 1996 under the

pre-Proposition 36 version of California's Three Strikes law (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). He appeals an order denying his post-Proposition 36 petition under section 1170.126 in which he requested that two of the three consecutive 25-year-to-life sentences that are included in his aggregate sentence be recalled and that he be resentenced as a second strike offender.

As this appeal involves the interpretation of Proposition 36, and in order to provide necessary context in framing the issue presented, we must first explain the pertinent provisions of Proposition 36 and summarize relevant portions of the procedural background of this case.

*Overview of Proposition 36*

In *Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597 (*Teal*), the California Supreme Court succinctly explained the relevant provisions of Proposition 36 and the petition procedure at issue here for recalling a sentence imposed under the pre-Proposition 36 version of the Three Strikes law:

> "On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 (the Act), which became effective the next day. Before the Act's passage, the Three Strikes law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted for any new felony offense. [Citation.] The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors. [Citations.] The Act also enacted section 1170.126, establishing a procedure for an offender serving an

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence.  (§ 1170.126, subd. (b).)"  (Fn. omitted.)

*Anderson's Convictions, Aggregate Sentence, and Petition*

A jury convicted Anderson of three nonserious and nonviolent felony drug offenses (counts 1, 4 & 5) that were strikes under the pre-Proposition 36 version of California's Three Strikes law:  one count of possessing cocaine base for sale in violation of Health and Safety Code section 11351.5 (count 1), and two counts of selling/furnishing cocaine base in violation of Health and Safety Code section 11352, subdivision (a) (counts 4 & 5).[2]  The jury also convicted Anderson of possession of a firearm by a felon (count 2:  former § 12021, subd. (a)).[3]  The court declared a mistrial as to another drug offense charged in count 3 (possession of a firearm by a possessor of a controlled substance in violation of Health & Saf. Code, § 11370.1, subd. (a)), and the court later dismissed that count.

Of particular importance here, the jury found to be true an allegation that Anderson was personally armed with a firearm within the meaning of section 12022,

---

[2]    The felony offenses of possessing cocaine base for sale and selling/furnishing cocaine base are not among the crimes listed in section 1192.7, subdivision (c), which defines the term "serious felony," and they are not among the offenses listed in section 667.5, subdivision (c), which defines the term "violent felony."

[3]    "Effective January 1, 2012, former section 12021[, subdivision ](a), was repealed and reenacted without substantive change as section 29800, subdivision (a)." (*People v. White* (2014) 223 Cal.App.4th 512, 518, fn. 2 (*White*).)  Anderson's conviction of count 2 is not pertinent to the issue presented in this appeal.  However, on remand it may be relevant to the exercise of the court's discretion under section 1170.126, subdivisions (f) and (g) (discussed, *post*).

subdivision (c) (hereafter section 12022(c)) when he committed his count 1 offense of possessing cocaine base for sale. The prosecution had not alleged and, thus, the jury did not find that Anderson was armed with a firearm when he committed counts 4 and 5.

In a bifurcated proceeding the trial court found that Anderson had suffered two prior strikes within the meaning of the Three Strikes law: (1) a 1980 conviction of robbery while armed with a firearm (Super. Ct. San Diego County, No. CR48947); and (2) a 1991 conviction of assault with a firearm (Super. Ct. San Diego County, No. CR121868). The court also found to be true a count 1 allegation that Anderson had previously been convicted of a drug offense (Health and Saf. Code, § 11351.5) within the meaning of Health and Safety Code section 11370.2, subdivision (a).

The trial court sentenced Anderson under the pre-Proposition 36 version of the Three Strikes law to an aggregate prison term of 81 years to life, which he is now serving. His sentence consists of three consecutive indeterminate 25-year-to-life terms─one for each of the convictions of the nonserious and nonviolent felonies charged in counts 1, 4, and 5, plus the low determinate term of three years for the jury's finding that Anderson was personally armed with a firearm when he committed his count 1 offense of possessing cocaine base for sale, plus an additional determinate three-year term for the count 1 prior-drug-offense enhancement (Health and Saf. Code, § 11370.2, subd. (a)).[4]

---

[4] The court imposed but stayed under section 654 an indeterminate term of 25 years to life for Anderson's count 2 conviction of possession of a firearm by a felon.

In December 2012, using the procedure authorized by Proposition 36, Anderson filed a petition under section 1170.126 for a recall of his sentence. In his petition Anderson specifically sought resentencing as a second strike offender for his convictions of the nonserious/nonviolent felony offenses charged in counts 4 and 5 for which he was sentenced to consecutive life terms of imprisonment.

In January 2014 the court denied Anderson's petition, finding he was "statutor[il]y disqualified" and thus ineligible for resentencing with respect to his count 4 and count 5 offenses because "[h]e was, in fact, armed during the commission of the offense [(count 1)] which resulted in the life-in-prison sentence." Anderson concedes on appeal that he is ineligible for resentencing with respect to his count 1 conviction because he was armed with a firearm when he committed that third drug offense.

*Issue and Holdings*

We must resolve the following principal issue: Is Anderson eligible to be resentenced under section 1170.126 as a second strike offender for his count 4 and count 5 nonserious and nonviolent felony offenses of selling/furnishing cocaine base─for which he is serving two consecutive third strike life sentences─if he satisfies all of the resentencing eligibility criteria set forth in subdivision (e) of section 1170.126 (hereafter section 1170.126(e), discussed, *post*) with respect to each of those offenses, even though he is *not* eligible to be resentenced with respect to his count 1 nonserious and nonviolent felony offense of possessing cocaine base for sale for which he is serving another third strike life sentence?

If the answer to this question is yes, the order denying Anderson's petition must be reversed on the ground the court erroneously found he was ineligible for resentencing as a matter of law under section 1170.126.

We hold that, under the plain language of section 1170.126, Anderson is eligible to be resentenced as a second strike offender for his count 4 and count 5 nonserious/nonviolent felony offenses, notwithstanding his ineligibility to be resentenced under that section for his count 1 nonserious/nonviolent count offense, if he demonstrates that all three of the eligibility criteria set forth in section 1170.126(e) are satisfied with respect to each of those two counts.  Accordingly, we reverse the order denying Anderson's petition and remand the matter for a new hearing on the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Factual Background*[5]

1.  *Count 4*

On August 1, 1994, Anderson sold about 5.8 grams of cocaine base to two witnesses who were working under the supervision of FBI agents and San Diego Police Department detectives.

2.  *Count 5*

On September 6, 1994, Anderson sold about five grams of cocaine base to the same witnesses, who again were working under the supervision of law enforcement officers.

---

[5]  The following uncontested facts are derived from the October 1996 probation officer's report.

3. *Count 1*

On June 13, 1995, members of the San Diego Police Department's Violent Crime Task Force went to a residence in San Diego to execute warrants for Anderson's arrest. After the officers saw Anderson leave the residence and drive away, they pursued him, stopped his vehicle, and arrested him. The officers learned that Anderson was an absconded parolee who was subject to a search condition.

The officers transported Anderson to his residence and searched his home. In Anderson's kitchen the officers found seven rocks of cocaine base that weighed a total of about three grams, a scale with off-white residue, and a ceramic bong. In his bedroom the officers found two loaded handguns and ammunition.

B. *Procedural Background*

1. *Petition*

On December 14, 2012, Anderson filed in propria persona a petition to recall his count 4 and count 5 third strike life sentences and for resentencing under the Act for those offenses. He argued that he was eligible for resentencing as a second strike offender because those two current offenses were nonserious/nonviolent felonies. The trial court appointed counsel to represent Anderson.

a. *Ruling*

On January 24, 2014, following a hearing, the court denied Anderson's petition, finding Anderson was "statutor[il]y disqualified." The court stated:

> "The court reviewed the file on this matter. It appears that the record of conviction on this case includes the specific finding of the truth of the allegation [under] [section] 12022(c). He was, in fact, *armed*

7

> *during the commission of the offense which resulted in the life-in-prison sentence. According to the* [*Act*], *that would disqualify him from relief*." (Italics added.)

The court ordered that Anderson "serve out the previously ordered sentence."

2. *Appeal*

On February 5, 2014, Anderson timely and properly appealed from the order denying his petition for relief under section 1170.126. (*Teal*, *supra*, 60 Cal.4th at p. 601 [an order denying a petition to recall a sentence pursuant to section 1170.126 is an appealable order].)

Anderson's appointed appellate counsel filed a brief asking this court to independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel referred to the following as a possible, but not arguable, issue: "Whether the trial court erred in finding [Anderson] ineligible for resentencing under Penal Code section 1170.126."

Anderson thereafter filed in propria persona a supplemental opening brief in which he argued the trial court erred in finding he is statutorily ineligible under the Act for resentencing for his convictions of counts 4 and 5. Conceding he was ineligible for resentencing with respect to the life sentence imposed for his count 1 conviction of possessing cocaine base for sale, Anderson asserted "[t]here is nothing anywhere in the statutory language precluding [him] from being resentenced on the two nonserious, nonviolent offenses [(counts 4 & 5)] for which a life term has also been imposed."

This court directed the Attorney General to file a written response to Anderson's supplemental opening brief and provided Anderson's appellate counsel an opportunity to file a written reply on his behalf.

The Attorney General thereafter filed a letter brief claiming the trial court properly concluded that Anderson is ineligible for resentencing. The Attorney General asserted that Anderson "was armed with a firearm during the commission of his commitment *offenses* because he had a firearm at his disposal for offensive or defensive use" (italics added); and, thus, "under the plain language of section 1170.126, subdivision (e)(2), [Anderson] is ineligible for resentencing as a second strike offender" for his count 4 and count 5 offenses.

Anderson's appellate counsel filed a letter brief in response. Counsel asserts that "[Anderson's] sentences on counts 4 and 5 should have been considered for possible re-sentencing under [] section 1170.126 because they were non-violent/non-serious offenses; [they] occurred on separate dates, times and location than count 1; and, in neither offense was a firearm alleged or involved."

In response to this court's request for additional briefing,[6] the Attorney General filed a supplemental letter brief acknowledging that the Attorney General's previous letter brief "erroneously stated that [Anderson] was armed with a firearm during the

_____

[6]  Noting that the Attorney General's first letter brief had stated that "[Anderson] was armed with a firearm during the commission of his commitment *offenses* because he had a firearm at his disposal for offensive or defensive use" (italics added), this court requested that the Attorney General file and serve a supplemental letter brief answering the following question: "As to each of his commitment offenses, where does the record show that [he] was armed with a firearm during his commission of the offense?"

9

commission of his commitment *offenses*," and that "[Anderson's] convictions for sales of cocaine base in counts 4 and 5 occurred on a separate date and did not involve use of a weapon."

DISCUSSION

The principal issue presented is whether Anderson is eligible to be resentenced under section 1170.126 as a second strike offender for his count 4 and count 5 nonserious and nonviolent felony offenses of selling/furnishing cocaine base—for which he is serving two consecutive third strike life sentences—if he satisfies all of the resentencing eligibility criteria set forth in section 1170.126(e) with respect to each of those offenses, even though (as Anderson concedes) he is *not* eligible to be resentenced with respect to his count 1 nonserious and nonviolent felony offense of possessing cocaine base for sale for which he is serving another third strike life sentence.

We hold that, under the plain language of section 1170.126, Anderson is eligible to be resentenced as a second strike offender for his count 4 and count 5 nonserious/nonviolent felony offenses, notwithstanding his ineligibility to be resentenced under that section for his count 1 nonserious/nonviolent count offense, if he demonstrates that all three of the eligibility criteria set forth in section 1170.126(e) are satisfied with respect to each of those two counts.

A. *Standard of Review and Principles of Statutory Interpretation*

We are asked to determine whether Anderson is eligible for resentencing as to counts 4 and 5 based upon interpretation of section 1170.126. As the interpretation of a

10

statute presents a question of law, we apply the de novo standard of review. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1181.)

The principles that guide our interpretation of section 1170.126 are well-established. Section 1170.126 was enacted by the electorate when it approved Proposition 36. (*Teal*, *supra*, 60 Cal.4th at pp. 596-597.) "[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature." (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*).) When we interpret a statute, "our goal is '"to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law."'" (*People v. Albillar* (2010) 51 Cal.4th 47, 54-55.) Thus, as section 1170.126 was enacted by the electorate, it is the voters' intent that controls. (See *Park*, at p. 796.) "'We first examine the words of the statute, "giving them their ordinary and usual meaning and viewing them in their statutory context, because the statutory language is usually the most reliable indicator of legislative intent."'" (*Albillar*, *supra*, 51 Cal.4th at p. 55.) If the language of the statute is ambiguous, we examine other indicators of the voters' intent, particularly the analysis and arguments contained in the official ballot pamphlet. (*People v. Briceno* (2004) 34 Cal.4th 451, 459.) However, "'"[i]f the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the [electorate's] intent is unnecessary."'" (*Albillar*, at p. 55.) "Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent." (*Park*, *supra*, 56 Cal.4th at p. 796.)

11

B. *Analysis*

By approving Proposition 36 the electorate enacted section 1170.126, which established a procedure under which an offender serving an indeterminate life sentence as a third strike offender for a nonserious/nonviolent felony conviction that was a strike under the pre-Proposition 36 version of the Three Strikes law, may file a petition for recall of sentence and request resentencing as a second strike offender for that offense. (*Teal*, *supra*, 60 Cal.4th at pp. 596-597; *White*, *supra*, 223 Cal.App.4th at p. 517.) The petitioning inmate is eligible for resentencing if all three of the following eligibility criteria set forth in section 1170.126(e)[7] are satisfied: "'(1) the [inmate] is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667[, subdivision (e)(2)(C)] and 1170.12[, subdivision (c)(2)(C)]; and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667[, subdivision

---

[7]     Section 1170.126(e) provides in full: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

12

(e)(2)(C)] or section clause (iv) of section 1170.12[(c)(2)(C)]. (*White*, *supra*, at p. 522, italics omitted; § 1170.126(e).)

If the petitioning inmate satisfies all three of the foregoing section 1170.126(e) resentencing eligibility criteria, the trial court must resentence the inmate as a second strike offender unless the court, in the exercise of its discretion under subdivision (f) of section 1170.126 (hereafter section 1170.126(f)),[8] determines that such resentencing would pose an unreasonable risk of danger to public safety. (*White*, *supra*, 223 Cal.App.4th at p. 522.) Subdivision (g) of section 1170.126 (hereafter section 1170.126(g)) sets forth several factors that a trial court may consider in exercising its discretion under section 1170.126(f) to grant or deny the inmate's petition for resentencing.[9]

Section 1170.126, however, does not explicitly address how a trial court should proceed in the more complex circumstances presented here in which the petitioning

---

[8]    Section 1170.126(f) provides: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 *unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety*." (Italics added.)

[9]    Section 1170.126(g) provides: "In exercising its discretion in [section 1170.126(f)], the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."

13

inmate is serving an aggregate sentence consisting of multiple third strike life terms of imprisonment imposed under the pre-Proposition 36 version of the Three Strikes law and he is seeking to be resentenced as a second strike offender for some of his current nonserious/nonviolent felony offenses, but he is ineligible under section 1170.126 to be resentenced for another current nonserious/nonviolent felony offense for which he is serving another third strike life term that is part of his aggregate sentence. To resolve the issue presented in this appeal, we must interpret section 1170.126 in accordance with the applicable principles of statutory construction (discussed, *ante*).

Turning to the language of section 1170.126 and giving the words their ordinary and usual meaning and viewing them in their statutory context, as we must (*Park*, *supra*, 56 Cal.4th at p. 796), we conclude that the plain language of section 1170.126 shows the electorate, in approving Proposition 36 and enacting that section, intended that an inmate like Anderson, who is serving multiple third strike terms of life imprisonment based upon current commitment convictions of nonserious/nonviolent felonies, may seek resentencing as a second strike offender for some of those offenses, notwithstanding his ineligibility for such resentencing with respect to another one of those offenses, provided all three of the eligibility factors set forth in section 1170.126(e) (discussed, *ante*) are satisfied with respect to the offenses for which the inmate is requesting resentencing.

An examination of the text of section 1170.126 discloses that nothing in the language of that section supports a conclusion that the voters intended to preclude such resentencing. "Section 1170.126, subdivisions (a) and (b), broadly describe who is

eligible to file a petition and to be resentenced." (*Teal*, *supra*, 60 Cal.4th at p. 598.)

Subdivision (a) of section 1170.126 (hereafter section 1170.126(a)) states:

> "The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an *indeterminate term of imprisonment* pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose *sentence* under this act would not have been an indeterminate life sentence." (Italics added.)

Section 1170.126(a) uses the terms "indeterminate term of imprisonment" and "sentence," rather than "aggregate indeterminate term of imprisonment," "aggregate sentence," or any other term that would suggest the electorate intended to preclude resentencing eligibility for an inmate, like Anderson, whose aggregate sentence includes multiple consecutive third strike terms of life imprisonment based upon multiple commitment convictions of nonserious/nonviolent felonies, but who is ineligible for resentencing with respect to one of those current offenses. Such an inmate, who is seeking resentencing under the Act as a two strike offender but is challenging only some of the third strike life terms that are included in his aggregate sentence, plainly falls within the scope of section 1170.126(a) because, as to each of the life terms he is challenging, he is "presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence," even though he is ineligible for resentencing with respect to another current nonserious/nonviolent felony for which he is serving an additional third strike life term that is also included in his aggregate sentence.

15

Such an inmate also plainly falls within the scope of subdivision (b) of section 1170.126 (hereafter section 1170.126(b)), which allows "[a]ny person" to petition for resentencing if he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction . . . of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."[10] Such an inmate plainly belongs to the class of inmates described in section 1170.126(b) even if the inmate is ineligible for resentencing with respect to *another* current nonserious/nonviolent felony for which he is serving one of the third strike life terms included in his aggregate sentence.

Section 1170.126(e) (see fn. 7, *ante*), which sets forth the resentencing eligibility criteria, also contains no language that would suggest the electorate intended to render an inmate like Anderson ineligible for resentencing as a second strike offender.

Thus, the plain and unambiguous language of section 1170.126 supports the conclusion that an inmate like Anderson is eligible for resentencing as a second strike offender for some of his commitment nonserious/nonviolent felony offenses,

10      Section 1170.126(b) provides in full: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."

16

notwithstanding his ineligibility for such resentencing with respect to another such offense for which he is currently serving an additional life sentence that is part of his aggregate sentence, provided all three of the eligibility factors set forth in section 1170.126(e) are satisfied with respect to each of the offenses for which the inmate is requesting resentencing.

Our conclusion finds support in our Supreme Court's recent decision in *People v. Johnson* (July 2, 2015, S219454, S219819) ___ Cal.4th ___ [2015 Cal. Lexis 4521], which addressed an issue similar, but not identical, to the one presented here. The issue in *Johnson* was "whether an inmate who was convicted of both a serious or violent felony and a felony that is neither serious nor violent is eligible for resentencing with respect to the felony that is neither serious nor violent." (*Id.* at p. *2.) The Supreme Court held that "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Id.* at p. *39.) The *Johnson* court explained that "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, *an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life*." (*Johnson,* at p. *21, italics added.)

Here, we similarly have concluded that Anderson may seek resentencing under the Act with respect to the three-strikes sentences imposed for his convictions of the felonies charged in counts 4 and 5, which are neither serious nor violent, despite the fact that he

17

remains subject to a third-strike sentence of 25 years to life for his conviction of the nonserious and nonviolent felony charged in count 1.

For all of the foregoing reasons, we conclude the court erred in finding Anderson is ineligible for resentencing as a matter of law under section 1170.126. Accordingly, we reverse the order denying Anderson's petition for a recall of his count 4 and count 5 life sentences which are part of his 81-year-to-life aggregate sentence, and we remand the matter to the superior court with directions to conduct a new hearing on the petition in a manner consistent with this opinion. If Anderson meets his burden on remand of demonstrating he is eligible for resentencing for his convictions of counts 4 and 5 because all three of the eligibility criteria set forth in section 1170.126(e) are satisfied as to each of those counts, he must be resentenced as a second strike offender for his convictions of those counts unless the trial court in the exercise of its discretion under section 1170.126(f) determines that resentencing would pose an unreasonable risk of danger to public safety. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 170 [if the prisoner's petition for resentencing satisfies all three of the eligibility criteria set forth in section 1170.126(e), "the prisoner shall be resentenced as a second strike offender 'unless the court, in its discretion, determines that resentencing the prisoner would pose an unreasonable risk of danger to public safety'"], quoting § 1170.126(f); accord, *White*, *supra*, 223 Cal.App.4th at p. 522.)

## DISPOSITION

The order denying Anderson's Penal Code section 1170.126 petition for the recall of his count 4 and count 5 life sentences and for resentencing on those counts is reversed.

18

The matter is remanded to the superior court with directions (1) to conduct a new hearing on Anderson's petition; (2) to determine whether Anderson has met his burden of demonstrating that all three eligibility criteria set forth in Penal Code section 1170.126, subdivision (e), are satisfied with respect to his count 4 and count 5 nonserious/nonviolent felony offenses; and (3) if Anderson has met that burden, to resentence him as a second strike offender for those offenses unless the court, in the exercise of its discretion under Penal Code section 1170.126, subdivisions (f) and (g), determines that such resentencing would pose an unreasonable risk of danger to public safety.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

19